THE FIRST NATIONAL BANK OF OTTAWA, *as Trustee,* v. W. A. RENN *et al.*

No. 12,196.  (65 Pac. 698.)

SYLLABUS BY THE COURT.

1. MORTGAGE—*Insurance Policy as Collateral Security—Right of Set-off by Grantee of Mortgagor.* Where a mortgagee of real estate requires the mortgagor to take out a policy of insurance on the mortgaged property and deliver it, with the mortgage, to the mortgagee as collateral security, which policy contains a condition that "the mortgagee or trustee shall notify the company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on the policy," and the mortgagor sells the mortgaged property and indorses an assignment of the policy to the purchaser, who agrees

to pay the debt, and assigns to him the policy properly indorsed thereon, and both grantor and grantee request the mortgagee, who is in possession and control of the policy, to secure the consent of the insurance company to such assignment, and the mortgagee neglects so to do, by reason whereof the insurance company is relieved from all liability to such grantee, and where the mortgaged property is afterward wholly or partially destroyed by fire, the grantee may set up a counterclaim for damages in an action brought by the mortgagee to foreclose the mortgage.  This rule is equally applicable to an action to foreclose a mortgage by one holding it, by assignment, in trust for certain outstanding obligations of the mortgagee, where the policy has been left in the hands of the mortgagee to be cared for and renewed, if necessary.

2. INSURANCE COMPANY—*Assignment of Policy.*  To solicit an insurance company not authorized to do business in Kansas to consent to the assignment of a policy issued by it at a time when it was so authorized is not a violation of section 3381, General Statutes of 1901.

Error from Sumner district court; J. A. BURNETTE, judge.   Opinion filed July 6, 1901.   Division one. Affirmed.

*Wm. H. Clark*, for plaintiff in error.

*Herrick & Rogers*, for defendant in error W. A. Renn.

The opinion of the court was delivered by

GREENE, J.: The defendant in error commenced this action in the district court of Sumner county against the plaintiff in error and the R. J. Waddell Investment Company, to cancel a certain mortgage on, and quiet the title to, certain real estate in the city of Wellington.   The Waddell Investment Company filed a disclaimer.   The bank filed an answer and cross-petition, alleging that one T. V. Stewart and wife executed to the Waddell Investment Company a note for the sum of $1500, and a mortgage on the real estate securing the same, which had been assigned to it as trustee, and praying

1. Statement of case.

judgment and a foreclosure. When the mortgage and notes were executed, Stewart was required to, and did, procure a policy of insurance on said property in the sum of $1500, which was delivered to the investment company, as collateral security. Stewart and wife sold and conveyed the property to one Viols, and, at the time of making said transfer, they requested one Murrill, who was the agent of the investment company at Wellington, Kan., to procure from the investment company the policy of insurance that Stewart might assign it to Viols. This was done, and Stewart indorsed the assignment to Viols, and requested Murrill, as the agent of the investment company, to write a blank consent to said assignment upon said policy, and forward it to the investment company and request it to procure the consent of the insurance company to said assignment. This request was also granted.

On October 20, 1891, Viols sold the property to defendant in error W. A. Renn, and a like request was made of Murrill, who still continued to be the agent of the investment company, to procure the policy, that Viols might indorse an assignment to defendant in error. The policy was returned to Murrill by the investment company for said purpose, and Viols indorsed a written assignment on the back of said policy to defendant in error, and requested Murrill to write upon the said policy the consent of the insurance company to the assignment, and forward it to the Waddell Investment Company, notifying it of the sale of said property, and the assignment of the policy, and request it to secure the consent of the insurance company to the assignment of the policy by indorsement on it. The policy was returned by Murrill to the investment company, with a letter calling its attention

to the fact that said real estate had been sold and the policy assigned, and asked it to forward the policy to the insurance company and have its consent to the assignment indorsed upon the policy. The policy and letter were received by the company about the 21st of October, 1891, but it neglected to request the insurance company to indorse its consent to such assignment. This property was partially destroyed by fire October 8, 1892.

The policy contained the following conditions:

"Provided that, in case the mortgagor or owner neglects or refuses to pay any premium due under this policy, then on demand the mortgagee or trustee shall pay the same. Provided, also, that the mortgagee or · trustee shall notify the company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy."

The policy also provided:

"This entire policy, and every part thereof, shall become void unless consent in writing is indorsed by the company thereon in each of the following cases: 1st. If the insured is not the unconditional owner of the property, or if any change shall take place in the title."

The following mortgage clause was attached to the policy:

"Loss, if any, payable to the R. J. Waddell Investment Company, Ottawa, Kan., mortgagee or trustee, as hereinafter provided."

The insured property was damaged by fire to the amount of $414.56. The defendant in error notified the insurance company of such fire, and made proof of loss, as required by the conditions of the policy. The company denied liability because it had not con-

22—63 KAN.

sented to the assignment of the policy. On the 1st day of July, 1894, the defendant in error paid to the First National Bank of Ottawa, Kansas, for the purpose of satisfying said mortgage, the entire amount due at that time, less the amount of damages which he claimed he had sustained on account of the fire.

The claim of the bank is that, as trustee, it is the owner and holder of said note and mortgage, together with other notes and mortgages, to secure the payment of certain debenture bonds issued by the Waddell Investment Company, in the sum of $100,000, and that there was a balance due it on the note in question, on July 1, 1894, of $411.56, and interest from that date at the rate of ten per cent. It is contended by plaintiff in error that it is the *bona fide* holder of the note, and that it did not receive the insurance policy and knew nothing about it, and is, therefore, not liable for the negligence of the Waddell Investment Company, if such negligence should be found to exist. It appears from the evidence that the Waddell Investment Company issued $100,000 debenture bonds, and made the bank its trustee, the note and mortgage in question being among the notes and mortgages deposited as collateral security.

2. Investment company held to be the agent of the bank.

From the testimony of Mr. Skinner, who was the vice-president and general manager of the bank, the facts are clearly deducible that the policy in question, with others of like kind, was left in the hands of the Waddell Investment Company, to be looked after and renewed, if necessary. This constituted the Waddell Investment Company the agent of the bank. Before the note and mortgage were pledged by the Waddell Investment Company, it was unquestionably its duty, by reason of its agreement, upon being notified that

the property mortgaged had been sold and the policy assigned to the grantee, to secure the insurance company's consent in writing to such assignment. When the Waddell Investment Company pledged the note and mortgage in question to the bank, as trustee, this obligation became incumbent on the bank, and, having left the policy with the Waddell Investment Company to perform this duty for it, the omission of the latter was negligence, and such negligence is attributable to the bank.

It is also contended that such demand cannot be set up as a counterclaim because such consent must be obtained prior to a transfer of title, and that, in this instance, the request therefor was not made to the Waddell Investment Company until twenty days after the transfer, and that the burden of proof is upon plaintiff below to show that the insurance company would have consented to the assignment of the policy. We cannot agree with this contention. There is nothing in the policy to indicate that this is correct. In fact, in the transaction of this particular class of business, the consent is never asked until after the property has been transferred, and this is the correct interpretation of this provision of the policy.

3. Right of counterclaim for damages.

The last contention is that the insurance company in which this policy was held was not authorized, at the time the policy was assigned, to do business in Kansas, and that by section 3381 of the General Statutes of 1901, it is made an offense for any person in Kansas to receive or forward applications for insurance in any such company or companies, and, therefore, the Waddell Investment Company and the bank are relieved from the conditions imposed upon them in the policy. This was not an application for insur-

**4. Requesting assignment of policy not illegal.** ance, nor was it the aiding of a foreign insurance company in transacting business in Kansas. This contention, if correct, would relieve all insurance companies which were authorized to do business in Kansas when a policy was taken out, but which afterward quit the state, from all liability, in case the person holding such policy should sell the insured property. Such a result was not contemplated by the legislature in passing the statute, nor will it bear such construction.

There are numerous other alleged errors and complaints, all of which we have examined, but find nothing therein worthy of further consideration. We think the loss was a proper counterclaim.

The judgment of the court below is affirmed.

DOSTER, C. J., JOHNSTON, POLLOCK, JJ., concurring.